FILED

14 FEB 12 PM 1:02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DG
    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 90-CR-1320-BTM |
|---|---|
| Plaintiff, | ORDER REGARDING LIMITED REMAND BY NINTH CIRCUIT FOR CERTIFICATE OF APPEALABILITY |
| vs. | |
| RAMON ALVAREZ-RODRIGUEZ, | |
| Defendant. | |

A. <u>Limited Remand</u>

On February 3, 2014, the Ninth Circuit Court of Appeals remanded its Case No. 14-55179 to this Court to decide whether or not to issue a Certificate of Appealability (COA) on Defendant's *pro se* appeal of an October 28, 2013 Order. [Doc. No. 242]

The Ninth Circuit's request "crossed in the mail" with this Court's Order declining to issue a COA. [Doc. No. 243] The Court signed the Order on January 31, 2014, but it was not entered on the docket until February 4. Thus, the Ninth Circuit did not have access to this Court's decision at the time it issued its own Order.

<u>The Clerk shall forward a copy of this Order and Docket No. 243 to the Ninth Circuit.</u>

B. <u>Reasons for Denying a COA</u>

The Court declined to issue a COA on the appeal of the October 28, 2013 Order because the motion, though captioned as a Rule 60(b) motion under the

- 1 -

90-CR-1320

Federal Rules of Civil Procedure, was actually an attack on Defendant's underlying conviction and sentence. Defendant argued that his conviction and sentence for both hostage taking and kidnaping violated the Constitution's double jeopardy clause. [Doc. No. 230]

Since the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, prisoners are restricted to a single § 2255 motion. *See United States v. Lopez*, 577 F.3d 1053 (9th Cir. 2009); *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000). A defendant who wishes to file a second or successive § 2255 motion must first seek permission from the court of appeals. 28 U.S.C. § 2255(h). District courts do not have jurisdiction to consider the merits unless and until the Circuit authorizes the defendant to file a successive § 2255 motion. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). Moreover, prisoners "may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under" § 2255. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam).

Here, the record establishes that Defendant filed his first § 2255 motion, with the assistance of counsel, in 1997. [Doc. No. 182] That first petition has been finally adjudicated. [Doc. No. 221] In June 2013, Defendant sought permission from the Ninth Circuit to file a second § 2255, in which he relied on recent Supreme Court decisions concerning the defense attorney's duty to advise the client about plea offers. The Ninth Circuit denied the request. [Doc. No. 222] Defendant's double jeopardy argument would constitute his third § 2255 motion. Consequently, the Court "denied" the "motion to reopen" (which is actually a § 2255 motion) and sent the Defendant a blank copy of the form that he would need to submit to the Ninth Circuit.[1]

---

[1] An alternative approach would have been to recharacterize the Rule 60(b) motion as a § 2255 and "dismiss" it for lack of jurisdiction. On appeal, the Ninth Circuit could review this Court's characterization of the *pro se* motion as well as its determination that it was a successive motion. *Thompson v. Calderon*, 151 F.3d 918

1  Unfortunately, Defendant did not receive a timely copy of the October 28,
2  2013 Order. He filed a notice of appeal instead of asking the Ninth Circuit for
3  permission to file a third § 2255 motion.
4  This Court lacks jurisdiction to consider Defendant's double jeopardy
5  argument unless Defendant first obtains permission to file a third § 2255 motion. In
6  light of the procedural posture, the Court concluded that Defendant had not "made a
7  substantial showing of the denial of a constitutional right," and thus declined to
8  issue a COA.[2] 28 U.S.C. § 2253(c); *United States v. Allen*, 157 F.3d 661, 665 (9th
9  Cir. 1998).
10 IT IS SO ORDERED.
11 DATED: February 11, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

cc: Ninth Circuit No. 14-55179

---

(9th Cir. 1998).
That approach would not alter this Court's denial of a COA because the Ninth Circuit has long held that a double jeopardy argument may be raised in a § 2255 motion. *E.g.*, *United States v. McClain*, 133 F.3d 1191 (9th Cir. 1998); *Launius v. United States*, 575 F.2d 770 (9th Cir. 1978).

[2]Defendant's notice of appeal may be construed as a request for permission to file a third § 2255 motion in the district court, but that is a decision for the Ninth Circuit. *Lopez*, 577 F.3d at 1068.